Should the summons in this case have been issued under the first or second subdivision of section 129 of the Code? The first provides for "an action arising on contract, for the recovery of money only;" the second for "other actions." Is this "an action arising on contract?" It is an action for a penalty for violating a statute. It is claimed to arise on contract, upon the principle stated in 3 Black. Com., 161, whereby a forfeiture imposed by the by-laws of a corporation upon any that belong to the body, immediately creates a debt, for which an action of debt will lie by the party injured. This principle is declared by Blackstone to be "an implied, original contract to submit to the rule of the community whereof we are members." He then adds that the same reason may, with equal justice, be applied to all penal statutes.
This principle, if carried out by the same reasoning, would abolish all actions of tort. The implied original contract to obey all statutes, by the same principle and the same reasoning, extends to all laws, whether statutory or common law. It is surely not confined to the obeying of all statute law simply. Thus assumpsit, if not debt, would lie for an assault and battery, or for arson, etc.
I incline to think that this provision of the Code had no *Page 182 
reference to this fiction of the law of an implied original contract to obey the laws of the land by each member of the community. But it meant what it plainly says.
In section fifty-three of the Code "an action for a penalty" is stated as impliedly different from an action on contract for the payment of money, and a justice of the peace is expressly given jurisdiction of both. The Code thus recognizes the difference between actions upon contract and an action for a penalty.
It is not enough that the recovery is to be for "money only," but the action must arise on contract also, to bring the case under the first subdivision.
I think it plain that this action does not arise on contract.
Is this order appealable?
To be appealable, it must be "an order affecting a substantial right, not involving any question of discretion." (Sub. 4, § 11 of Code.)
It seems to me that the opinion of the Supreme Court is right, that this order is not appealable.
It is difficult to perceive the "substantial right" involved in this order.
The defendant made the motion and brings the appeal. What benefit to the company, if this summons had been under the second instead of under the first subdivision? If the complaint were sworn to and it is an action on contract for the payment of money only, under the first subdivision the plaintiff may take judgment before the clerk without proof for the amount claimed in the summons. If not sworn to, the clerk takes proof of the claim, except upon instruments for the payment of money only, upon such instruments; he assesses the amount due upon its simple production before him. (Code, § 246, as amended in 1858.)
If the summons erroneously issued under the first subdivision compelled the assessment by the clerk instead of the judge, it might be urged, at least with plausibility, that the defendant was deprived of a substantial right — that he had a right to a judge instead of a clerk to adjudge his rights. But *Page 183 
it will be observed that the summons has no control as to the officer before whom the judgment shall be taken, whether clerk or judge. The Code declares that the clerk shall assess only in actions arising on contract for the payment of money only, not that he shall assess in cases where the summons has issued under the first subdivision — if erroneously so issued. So that the statement in the summons has no effect as to the officer before whom the assessment is to be made. It is no evidence of the nature of the action. The clerk would have no right to assess damages upon default in an action for an assault and battery, though it was commenced by summons, under the first subdivision.
So that if the defendant suffer a default upon this summons, he loses nothing. If he appear and take issue the case is tried before another tribunal.
The only effect the summons can possibly have, when issued under the first subdivision, is to limit the amount of recovery to the sum claimed therein in case of defendant's non-appearance; certainly he could take no more than that sum if his complaint be sworn to. (§ 246.)
This, so far as it goes, is a benefit to defendant, viz.: that he may rely that the plaintiff will take judgment only for a specified sum if defendant does not appear.
I do not perceive that the defendant can sustain any injury by this mistake. If he cannot, I do not think the order involves a substantial right.
The chief purpose of this summons is to get the defendant into court. Where the complaint is served at the same time, showing the cause of action and the amount claimed, the summons would seem to be of not the least value, though its formal issue may be required.
In my opinion, no substantial right is involved in this order — no possible loss can be sustained by the defendant by its issue under the first instead of the second subdivision.
Beside, the court had power to amend it, if there were any reason for so doing, and was bound to disregard it by the Code. *Page 184 
The only benefit of this provision as to the different kinds of summons seems to be to enable parties to litigate the question by motions sometimes extremely difficult to determine, whether the summons is not under the wrong subdivision. It does not touch the merits or progress of the action in any way. It is a harmless contest, as it can injure no one. It no more involved a substantial right than would the question whether the summons was written in red or in black ink. That inquiry is just as substantial to the rights of the parties. Did the legislature ever intend that an appellate court should consider such questions?
The appeal should be dismissed.
For dismissal of appeal CHURCH, Ch. J., ALLEN, PECKHAM and RAPALLO, JJ.
RAPALLO, J., concurs upon authority of section 176 of Code.)
Against dismissal, GROVER and FOLGER, JJ.
Appeal dismissed.